**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:                                                     CASE NO.: 20-40228-KKS
                                                                                 CHAPTER 13

INDIA SWANN
CLYDE SWANN, JR.

      Debtors                                /

**CHAPTER 13 TRUSTEE'S**
**OBJECTION(S) TO CONFIRMATION OF**
**<u>CHAPTER 13 PLAN (DOC. 6)</u>**

**COMES NOW**, LEIGH D. HART, Chapter 13 Trustee, by and through her undersigned attorneys, and hereby objects to confirmation of Debtor(s)' Chapter 13 Plan (Doc. 6) for the following reasons:

1.     The Plan base is not sufficient to pay all allowed secured, priority and administrative claims.

2.     The Plan fails to address the secured claim of Natural Wells Homeowners Association as disclosed on Schedule D ($1,368.00).

3.     The Debtor(s) does not meet the liquidation test due to non-exempt personal property. Specifically, the scheduled amount exceeds the allowable exemption, or $1,140.75, as Schedule B discloses household goods and personal property valued at $3,521.00.

4. Schedule C reflects the Debtor(s) is claiming the wildcard exemption (Fla. Stat. Ann. §222.25(4)); however, Schedule C also reflects the Debtor(s) is claiming the homestead exemption (Fla. Stat. Ann. §222.01 & 222.02). The Plan discloses the Debtor(s) intends to retain the benefit of the homestead property. Therefore, the Debtor(s) is not entitled to the wildcard exemption.

5. The Debtor(s)' Schedules reflect a claim secured by a lien on the Debtor(s)' residence which it appears may be paid by the Trustee. The Trustee has not been provided with copies of documents which support a perfected security interest to determine if the claimant has a perfected security interest. In addition, the Trustee has not been provided with a copy of the itemization of the pre-petition fees, costs and other charges, including any attorney's fees if applicable, which apply to this claim. If the documents, through a Proof of Claim, or in another manner are provided to the Trustee, this objection to confirmation may be resolved or rendered moot.

6. The Petition reflects that both Debtors received a briefing from an approved credit counseling agency; however, the Trustee has not been provided with a copy of a filed Certificate of Credit Counseling for Clyde Swann, Jr.

7. The Trustee cannot verify the Debtor(s)' income as disclosed on Schedule I based on the pay stubs provided to date, as Schedule I discloses gross

monthly income of $3,548.40 for Debtor(s), Clyde Swann, Jr.; however, the pay stubs reflect average gross monthly income of $2,071.68.  Further, Schedule I fails to disclose any payroll deductions.

8.     The Debtor(s) has failed to provide copies of the United States Income Tax Returns for the two (2) years preceding the date of filing to the Chapter 13 Trustee.

9.     The Trustee has not been provided with a copy of the filed Certification from the Debtor(s) that all applicable federal, state and local tax returns, as required, have been filed and served on the Chapter 13 Trustee.

10.    The Chapter 13 Trustee has not been served with a copy of a filed Certification stating that Debtor(s) is current with domestic support obligations.

11.    The Trustee objects to the following expense categories and accompanying excess expense amounts as exceeding the amount allowable on Form 122C-1 for either an above-median debtor, or as being reasonable and/or necessary for a Schedule "I" and Schedule "J" debtor.  The Trustee's objections may be rendered moot if the Debtor(s)' Plan is amended to pay all allowable unsecured claims in full:

    a.     Home Maintenance - $400.00, as the Trustee has not been provided with documentation to verify said expense;

b.  Homeowner's association or condominium dues - $1,368.00, as the Trustee has not been provided with documentation to verify said expense;

c.  Utilities - $402.00, as the Trustee has not been provided with documentation to verify the amount of said expense.

12. The Trustee reserves her right to further object to the Debtor(s)' income and expenses until after the time for filing claims has expired in order to determine the true and accurate distribution to the unsecured creditors, as well as whether or not the Debtor(s) meets the liquidation test.

**RESPECTFULLY SUBMITTED**.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
   OFFICE OF CHAPTER 13 TRUSTEE
   POST OFFICE BOX 646
   TALLAHASSEE, FL 32302
   ldhecf@earthlink.net
   (850) 681-2734 "Telephone"
   (850) 681-3920 "Facsimile"

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by the court's current CM/ECF notice of electronic filing or first class mail to:

INDIA SWANN
2151 NATURAL WELLS DR.
TALLAHASSEE, FL 32305

CLYDE SWANN, JR.
2151 NATURAL WELLS DR.
TALLAHASSEE, FL 32305

LEIGHANNE BOONE
THE BOONE LAW FIRM, PA
207 WEST PARK AVE.
 SUITE A
TALLAHASSEE, FL 32301

on the same date as reflected on the Court's docket as the electronic filing date for this document.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
    OFFICE OF CHAPTER 13 TRUSTEE

June 5, 2020